IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THERESE DOOLEY, et al.           :
                                 :
                                 :
    v.                           :    Civil No. CCB-14-394
                                 :
                                 :
BANK OF AMERICA, N.A., et al.    :

## MEMORANDUM

On December 20, 2013, Plaintiffs Therese Dooley and Reed Harris filed this action against defendants Bank of America, N.A. and Bank of America Home Loans in the Circuit Court for Anne Arundel County, Maryland. In their complaint, plaintiffs alleged trespass to real estate and violation of Maryland's Consumer Debt Collection Act. They asked for $100,000 in compensatory damages, $500,000 in punitive damages, and costs. On February 10, 2014, defendants filed a notice of removal under 28 U.S.C. § 1441(a) and removed the case to this District on the basis of diversity jurisdiction.[1] *See* 28 U.S.C. § 1332. Plaintiffs have filed a motion to remand on the grounds that this court lacks subject matter jurisdiction. To support this argument, plaintiffs, in their motion, "proffer and stipulate that the matter in controversy does not exceed the sum or value of $75,000" and that, therefore, the amount in controversy requirement is not met. (Pls.'s Mot. Remand 1, ECF No. 12.) Defendants have filed an opposition to this motion. For the reasons stated below, plaintiffs' motion will be denied.

Defendants properly removed this case to this District. Plaintiffs are now attempting to defeat this court's subject matter jurisdiction through a post-removal stipulation that the amount in controversy requirement is no longer met. They cannot do this.

---

[1] Diversity of citizenship exists because plaintiffs are both residents of Maryland and defendants are citizens of North Carolina and California.

1

A defendant may remove from state court to federal court "any civil action . . . of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). And this court has original jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Because the plaintiffs and defendants are citizens of different states, and because the plaintiffs in their complaint have placed $600,000 in controversy here, defendants' removal on February 10, 2014, was proper.

Yet plaintiffs have pressed the argument that a post-removal stipulation that the amount in controversy is under $75,000 can defeat this court's subject matter jurisdiction. This argument is incorrect. The requirements of diversity jurisdiction—including the amount in controversy—are measured as of the date the case is filed in federal court or removed from state court. *See Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 384 n.6 (4th Cir. 2013) (citing 14AA Charles Alan Wright, Arthur, R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702.4, at 457-58 (4th ed. 2011)); *see also Morris v. Naugle*, 722 F. Supp. 1285, 1287 (D. Md. 1989) ("Jurisdiction is thus determined, not by hindsight, but by reasoned foresight . . . ."). Moreover, as the Supreme Court has stated, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Because this court's jurisdiction attached on February 10, 2014, plaintiffs' stipulation on May 12, 2014 cannot now oust that jurisdiction.

There are exceptions to this general principle, but none apply here. If it were shown that, "at the time the plaintiff filed her complaint, she could not have recovered, *to a legal certainty*, the amount demanded," remand might be justified. *Naugle*, 722 F. Supp. at 1287 (emphasis in

original) (citing *id.* at 289).  Or, if plaintiffs could show that subsequent events, such as dismissal of a claim, had reduced the amount in controversy, this court might have the "discretion whether to retain jurisdiction . . . ."  *Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 629 (D. Md. 2001) (quoting *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995)).  But the prayer for relief in plaintiffs' complaint clearly demands compensatory and punitive damages in excess of $75,000, and no basis has been shown to reduce that amount other than the plaintiffs' conclusory "stipulation."[2]  Accordingly, the plaintiffs' motion to remand will be denied.

     A separate Order follows.


October 6, 2014                                                          /S/
         Date                                               Catherine C. Blake
                                                            United States District Judge

---

[2] That the plaintiffs do not even attempt to explain the basis for their belief that the amount in controversy no longer meets the jurisdictional minimum is one more reason to retain jurisdiction here.